UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JPMORGAN CHASE BANK, N.A.,

Plaintiff,

v.

RISKBOSS MUSIQ, LLC,

Defendant.

## ORIGINAL COMPLAINT

Plaintiff JPMorgan Chase Bank, N.A. ("*Chase*"), by and through its undersigned counsel, hereby files its *Original Complaint* (the "*Complaint*") against Defendant Riskboss Musiq, LLC ("*Defendant*") and respectfully states as follows:

### I.   INTRODUCTION

Fraud is a crime that impacts everyone and undermines trust in the banking system. Chase takes its responsibility to combat fraud seriously and prioritizes protecting the firm and its customers to make the banking system safer. Part of that responsibility is to hold people accountable when they commit fraud against Chase and its customers. Simply put, engaging in bank fraud is a crime.

Chase seeks the return of funds that Defendant has overdrawn from its account in violation of Chase's Deposit Account Agreement and Privacy Notice (the "*DAA*"). Specifically, on August 23, 2024, Defendant deposited a check into its Chase bank account in the amount of $149,000.00 at an ATM. The check was fraudulent. After the check was deposited, Defendant began transferring

substantial amounts of those ill-gotten funds out of its account. The check was eventually returned as a forgery, resulting in a substantial negative balance. As of the date of filing, Defendant owes Chase $141,295.84. Chase demanded that Defendant pay the amount of any overdraft along with any fees that apply, but Defendant has failed to do so.

Chase prides itself on its efforts to protect its customers against fraudsters, particularly in an environment where bank and wire fraud are increasingly more commonplace. While fraud methods have evolved over time, the core intent to exploit and deceive remains unchanged. Chase brings this action to recover those ill-gotten funds and hold Defendant accountable for its breach of the DAA.

## II. PARTIES

1. Chase is a national banking association organized under the laws of the United States. Chase is a citizen of Ohio with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated in the Articles of Association of Chase.

2. Defendant is a limited liability company formed in the State of Florida. Defendant may be served with process at its principal place of business 55 NE 5th Street, Suite 2105, Miami, Florida 33132. Defendant's sole member, Ryan A. Henry, is a citizen of Florida.

## III. JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because it is a citizen of, and has its principal place of business in, the State of Florida.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because

Defendant resides in this district. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.     STATEMENT OF FACTS

6. Defendant opened a checking account with Chase (the "*Account*"). When opening its Account, Defendant agreed to abide by all terms and conditions in the DAA,[1] which governs Defendant's relationship with Chase. Among other things, Defendant agreed to be responsible for any amounts owed on the Account and to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as fees incurred for Chase's efforts to collect any overdraft. Defendant also agreed "not to use [its] account for any other illegal activity."

7. On August 23, 2024, at an ATM outside of Orlando, Florida, Defendant deposited a fraudulent (the "*Check*") into its Account in the amount of $149,000.00 (the "*Funds*").

8. After the deposit, Defendant made several significant withdrawals and transfers. Specifically, three days later, Defendant made an in-person transfer of $110,000.00 to a third party. Defendant made three more in-person withdrawals that same day from the same branch for $5,000.00, $9,900.00, and $10,000.00. After making yet additional withdrawals, Defendant essentially depleted its account of all funds deposited from the fraudulent Check.

9. On August 28, 2024, the Check was rejected by the alleged issuing bank and returned as a forgery.

10. The Check's return resulted in a substantial negative balance. As of the date of filing, Defendant owes Chase $141,295.84.

---

[1] A true and correct copy of the DAA in effect during the relevant events is attached hereto as **Exhibit A**.

11. Chase's Global Security representatives contacted Defendant regarding the Check and its overdraft. Chase also sent a letter demanding return of the Funds. Defendant has not returned any Funds.

12. In this action, Chase seeks a judgment ordering the immediate payment of the overdraft Funds and related fees, as well as other relief for the harm Chase sustained.

13. All conditions precedent to the filing of this lawsuit have occurred, have been performed, or are excused or waived.

14. As a result of the Defendant's conduct, Chase has been forced to retain undersigned counsel to prosecute this lawsuit and is obligated to pay reasonable attorneys' fees and costs.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Chase re-alleges and incorporates by reference paragraphs 1 through 18 above as if fully set forth herein.

16. Chase and Defendant entered into the DAA, which is a valid and enforceable contract.

17. Chase performed its obligations under the DAA.

18. Defendant materially breached the terms of the DAA by failing to pay the amount of the overdraft and associated fees on the Account.

19. Defendant's breaches of the DAA proximately and directly caused damages to Chase.

## PRAYER FOR RELIEF

WHEREFORE, Chase respectfully requests that this Court:

    A.    Issue an order directing Defendant to immediately return the Funds to Chase, with interest, and to pay the related overdraft fees;

    B.    Award Chase its reasonable costs and expenses incurred in this action, including attorneys' fees;

    C.    Award Chase pre-judgment interest on all such damages, monetary or otherwise; and

    D.    Grant Chase such other and further relief as the Court may deem just and proper.

Dated: October 28, 2024

Respectfully submitted,

*/s/ Mark A. Salky*
Mark A. Salky
Florida Bar No. 58221
**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue
Suite 4400
Miami, Florida 33131
(305) 579-0500 *telephone*
(305) 579-0717 *facsimile*
E-mail: Mark.Salky@gtlaw.com

***Attorney for Plaintiff JPMorgan Chase Bank, N.A.***