UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JPMORGAN CHASE BANK, N.A.,

Plaintiff,

v.

RISKBOSS MUSIQ, LLC,

Defendant.

CASE NO.:1:24-cv-24172-KMM
CIVIL DIVISION
GENERAL JURISDICTION

**DEFENDANT'S MOTION TO DISMISS AND INCORPORATED
MEMORANDUM OF LAW**

Defendant, RISKBOSS MUSIQ, LLC ("RBM, LLC") respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) to dismiss Plaintiff, JPMorgan Chase Bank, N.A.'s ("Chase" or "Plaintiff") Complaint [DE 1] and/or in the alternative for more definite statement pursuant to, and in support submit the following:

**SUMMARY ARGUMENT FOR DISMISSAL**

Plaintiff's Complaint fails to properly allege subject matter jurisdiction and personal jurisdiction over Defendant, a limited liability company in Florida. This district is an improper venue based on the lack of factual allegations of the Complaint. Plaintiff fails to allege a claim for which relief can be granted, because the contract attached to the Complaint contradicts the "overdraft" allegations and instead states Chase will be liable for a forgery up to the face of check ($149,000.00), and the contract calls for this lawsuit to be filed where Defendant opened its account. There are no factual allegations, besides in a conclusory fashion, that Defendant breached a contract with Chase and this district's jurisdiction is not triggered. Plaintiff's complaint is silent on any allegations occurring in this District except inapplicable facts, to wit:

Defendant is a limited liability formed in the State of Florida and Miami is its principal place of business. There are no allegations that venue is appropriate or that Defendant opened its account in this district as required in the Contract attached to the Complaint. There is no breach when the Contract is read as a whole, the "overdraft" provision does not apply. The Court should dismiss Plaintiff's Complaint.

## **MEMORANDUM OF LAW**

Federal Rules of Civil Procedure 12(b)(1), allows for dismissal for lack of subject matter jurisdiction and under 12(b)(2) for lack of personal, and 12(b)(3) warrants dismissal for improper venue and under 12(b)(6) for failure to state a claim, because the Contract provisions are in conflict with the allegations.

    a.    ***Jurisdiction over an LLC is only based on its member's citizenship, not where the LLC is incorporated or its principal place of business***

In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, it established in the 11th Circuit consistent with the U.S. Supreme Court the settled law that a limited liability company is a citizen of any state of which the company's member(s) is/are a citizen. 374 F.3d 1020, 1022 (11th Cir. 2004). In *Rolling Greens*, similar to the issue here, plaintiff incorrectly alleged jurisdiction of its LLC and Limited Partnership as if they were corporations – alleged was that they "are citizens in the states of incorporation and their principal place of business." *Id.* at 1023, fn 1, citing, 28 U.S.C. § 1332(c)(1). Plaintiff's allegations do not provide jurisdiction in this Court or at the very least it confuses the jurisdiction allegations.

Here, Plaintiff improperly alleges in the complaint that "Defendant is a limited liability company formed in the State of Florida and its principal place of business is in Miami." Complaint ¶ 2. It then alleges this Court has personal jurisdiction over Defendant because it is a citizen of, and its principal place of business is in the State of Florida. Complaint ¶ 4. Plaintiff

alleges that "Venue is proper under 1391(b)(1) because Defendant resides in this district." Complaint ¶ 5. However, there are no factual allegations regarding where the Member of the LLC resides in what District. The Complaint should be dismissed because of this error.

The Plaintiff further alleges that this judicial district is proper because a substantial part of the events or omissions giving rise to the claim occurred. Complaint ¶ 5. Yet, there are no allegations of any events or omissions giving rise to the claim occurring in the Southern District of Florida. This is fatal for this Complaint to stand without first correcting the subject matter jurisdiction, personal jurisdiction, and venue allegations.

> b.   *This district is an improper venue based on the allegations*

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a party to seek dismissal for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Also, 28 U.S.C. § 1406(a), authorizes dismissal for improper or the wrong forum for which it was brought. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). If venue is "wrong or improper" depends on if the court the case was brought satisfied federal venue law requirements. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

A civil action may be filed under 28 U.S.C. § 1391(b):

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff only alleged jurisdiction under 28 U.S.C. § 1391(b)(1) and § 1391(b)(2). It does not alleged jurisdiction over § 1391(b)(3). Plaintiff's venue allegations are improper and lacking any factual support under 28 U.S.C. § 1391(b) and should be dismissed. Because the plaintiff has only alleged in conclusory fashion that venue is proper under 1391(b)(1) and 1391(b)(2), with zero factual allegations to support such allegations, the Complaint should be dismissed.

Under *Robey v. JPMorgan Chase Bank, N.A.*, a "venue analysis focuses on whether a <u>substantial part</u> of the events or omissions giving rise to the claim" occurred in the district in question or a substantial part of the property that is subject of the action where it is situated. 343 F. Supp. 3d 1304, 1314 (S.D.Fla. 2018)(emphasis in original). The defendant's activities directly give rise to the only relevant claim and only the defendant's locations hosting a substantial part of the events are to be considered. *Robey* at 1304. Here, Plaintiff has no factual allegations where any of Defendant's alleged events occurred, so venue fails as currently alleged.

    c. ***Contract attached to the Complaint does not support proper venue***

Also, the contract attached to the complaint provides, "if we file any lawsuit . . . connected in any way to your accounts . . .you consent to jurisdiction and venue in an appropriate court in the state where your account is located." Contract ¶ XI, K. There are no allegations where Defendant opened its account to comply with its venue provision in the contract.

Further, under Florida law, in order for the plaintiff to state a claim for breach of contract it must allege that: (1) the existence of a valid contract; (2) a material breach of that contract; and (3) damages resulted from the breach. *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256,

1272 (11th Cir. 2009); *Abbot Lab., Inc. v. Gen. Elect. Cap.*, 765 So.2d 737, 740 (Fla. 5th DCA 2000). In a breach of contract action under § 1391(b)(2), the court considers factors including where the contract was "negotiated or executed, where it was performed, and where the alleged breach occurred." *Etienne v. Wolverine Tube, Inc.*, 12 F.Supp.2d 1173, 1181 (D.Kan.1998), citing, *Pl, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 758 (S.D.N.Y. 1995).

Here, the Complaint is silent where any activity occurred, where the account was opened, where the Member of the LLC resides. *See* Complaint *generally*. The only mention of a location is "outside of Orlando, Florida." Complaint ¶ 7. Nowhere else in the Complaint is there any mention of any of the defendant's activities. Miami is only mentioned in reference to LLC's principal place of business, which provides this Court with no guidance. It further goes on to state, "This Court has personal jurisdiction over Defendant because it is a citizen of, and has its principal place of business in, the State of Florida." Complaint ¶ 4. Plaintiff further goes on to allege "Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district." Complaint ¶ 5. Yet, the only allegation where Defendant resides is based on the improper allegation of LLC's principal place of business being in Miami (this district). Further alleged is that venue is proper under 28 U.S.C. § 1391(b)(2), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Although, there are no facts to support venue, except for the opposite – a deposit was made "outside of Orlando, Florida."

### d. *Legal Standard for a Motion to Dismiss for Failure to State a Claim*

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This allows "defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations are taken as true, and the court should construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While well-pleaded facts are accepted as true at this stage, *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011), this principle does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937." "*Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

   e.  ***Contract contradicts complaint for breach of contract***

Attached to the Complaint is a Deposit Account Agreement and Privacy Notice. The relevant provisions contradict that Chase is owed any money under the "overdraft" provision and in fact, Chase agrees to be liable to Defendant up to the face of the check when it pays a forged check. The relevant provisions are as follows:

> **DEPOSIT ACCOUNT AGREEMENT**
>
> This is your Deposit Account Agreement (may also be referred to as Account Rules and Regulations), or contract, with us.
>
> **I.    Definitions**
> Here are some important terms that we use throughout this agreement: . . . Overdraft: <u>The amount by which any transaction(s) would exceed the balance in your account either when it is authorized or presented for settlement during our nightly processing</u>. If your account has a negative balance it is considered to be overdrawn. (emphasis added).
>
> . . .
>
> **III.   Using Your Checking or Savings Account**
> **A. Adding Money to Your Account**
> . . .

**4. Our rights and responsibilities for deposits**
If you deposit or cash a check, or we send one for collection, <u>we act only on your behalf.</u> (emphasis added). Our only responsibility is to exercise reasonable care. If we lose a check, you agree to use reasonable efforts to help us locate or replace it. We will not be liable for the lack of care of any bank or third party we use to collect checks, or for checks lost during shipping. . . . <u>We will not be liable to you for refusing a deposit, even if it causes us to decline any transactions you have already made</u>. (emphasis added). If we refuse a deposit, we may take a check on a "collection basis," which means we will not add funds to your balance until we have actually been paid for the check. If we process any check deposit on a "collection basis," we will not add funds to your balance until we have actually been paid for the check by the other bank. . . .

. . .

**C. Overdrafts, Fees and Overdraft Protection**
**1. Paying transactions presented against insufficient funds**
We pay overdrafts at our discretion, which means we do not guarantee that we will always authorize or pay any type of transaction. Even if we've paid overdraft transactions before, we are not required to do it in the future.

We may pay or return any transaction when it is presented if your account balance is less than the amount of that transaction. The account balance we use to pay or return a transaction is determined during our nightly processing. During our nightly processing, we take your previous end of day's balance and post credits. If there are any deposits not yet available for use or holds (such as a garnishment), these will reduce the account balance used to pay your transactions. Then we subtract any debit transactions presented during our nightly processing. We look at your balance only once when the transaction is presented (or presented again at a later time such as a check or ACH) to us <u>to decide if you have enough funds to pay the transaction</u>. (emphasis added). For details, refer to the section *Posting Order*.

The available balance shown to you during the day may not be the same amount used to pay your transactions as some transactions may not be displayed to you before nightly processing. We will decline any requested ATM withdrawal unless your available balance at the time is equal to or more than the amount of the requested withdrawal. Special rules for everyday debit card transactions, overdraft and fees for these transactions, are described in the *Electronic Funds Transfer Service Terms*.

Withdrawals and debits at ATMs or with merchants may be subject to additional limitation described in the Additional Banking Services and Fees.

**2. Your responsibility to repay overdrafts**

You must immediately pay the amount of any overdraft along with any fees that apply. We may report you to consumer reporting agencies, close your account, or both. This could affect your ability to open accounts with us or other banks in the future. For certain business accounts, if you don't immediately pay the amount of overdraft, you may also be charged additional fees or interest during nightly processing.

*IX. Other Legal Terms*

. . .

**B. General Liability**

Any provision of this agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care. . . .

. . . **IF WE FAIL TO STOP PAYMENT ON AN ITEM, OR PAY AN ITEM BEARING AN UNAUTHORIZED SIGNATURE, FORGED SIGNATURE, OR FORGED ENDORSEMENT OR ALTERATION, OUR LIABILITY, IF ANY, WILL BE LIMITED TO THE FACE AMOUNT OF THE ITEM.** (emphasis added where underlined).

**F. Prohibited Activities and Tax Reporting**

. . .
You also agree not to use your account for any other illegal activity.

**K. Legal Process and Requests for Information**

"Legal Process" means any document that appears to have the force of law regarding restricting, holding or paying out funds from your account, including a garnishment, attachment, execution, levy or similar order.

. . .

You will be liable to us for any loss, cost or expense (including attorneys' fees that we incur) *resulting from our compliance with any Legal Process or any related litigation*. (emphasis added).

**R. Location of Legal Proceedings**

. . . If *we file any lawsuit* or legal proceeding that is connected in any way to your accounts or services, you consent to jurisdiction and venue in an

<u>appropriate court in the state where your account is located</u>. (emphasis added).

Plaintiff's complaint alleges the check ended up being a forgery and fraudulent. Complaint ¶ 9. There are no factual allegations of illegal activity by Defendant, yet the Complaint states "Defendant also agreed 'not to use [its] account for any other illegal activity." Contract ¶ IX, F. As alleged, the Defendant deposited the check, the check cleared, and the Defendant went into the bank in person to transfer money and withdraw funds. Complaint ¶ 8.

As alleged, Defendant was the victim of a forgery, there are no allegations to say otherwise. In fact, the Contract states that if Chase fails to stop payment on an item, or "pay an item bearing an unauthorized signature, forged signature, or forged endorsement or alteration, our liability, if any, will be limited to the face amount of the item." Contract ¶ IX, B. So, the Contract states that Chase, not the client, has agreed to be limited to the face amount of the item. Yet, Chase sues Defendant under the "overdraft" section of the Contract that does not apply.

Further, there is no support from Chase's complaint that Defendant breached any agreement with Chase. In fact, Chase's Contract states "we act only on your behalf" as it relates to deposits. Contract ¶ III,4. Moreover, there is no attorney fee provision providing for paying Chase's fees for an alleged breach of contract, only if Chase is responding to a Request for Documents under Contract ¶ IX, K.

Chase states in its Contract that, "[i]f we file any lawsuit . . . connected in any way to your accounts . . . you consent to jurisdiction and venue in an appropriate court in the state where your account is located." Contract ¶ IX, R. No such allegation was made.

## CONCLUSION

The Court should dismiss Plaintiff's complaint for failing to properly allege jurisdiction

and failing to properly allege jurisdiction in this district. This district only includes cases from Key West to Fort Pierce. There is no allegation of any connection with the Southern District of Florida. Further, Plaintiff's pleading should be dismissed and/or required to provide a more definite statement what it is asking of Defendant, as shown in the allegations a victim of a check forgery after the bank cleared the deposit in its system, and there was no overdraft. An overdraft being not enough money in the account for payment of transactions to begin with. There was enough money in the account, it just ended up the check was a forgery, for which, Chase agreed under its Contract to be liable for up to the face of the check which was $149,000.00.

WHEREFORE, Defendant, RiskBoss Musiq, LLC respectfully requests that this Honorable Court a) dismiss the Complaint for failing to properly allege subject-matter jurisdiction, personal jurisdiction, and there is improper venue, and a failure to state a claim upon which relief can be granted, and for any other relief this Court deems just and proper.

## PREFILE CONFERENCES REQUIRED OF COUNSEL

On December 2, 2024 at 2:00 p.m., counsel for Plaintiff, Mark Salky, Esq. of Greenberg Trauig, P.A., and counsel for Defendant, Jennifer A. Kerr, Esq. of Jennifer A. Kerr, P.A. met and conferred over the telephone, who may be affected by the relief sought in the motion as to jurisdictional defects in Defendant's motion to dismiss in a good faith attempt to resolve the dispute, and has been unable to do so.

Dated: December 3, 2024

Respectfully submitted,

/s/ Jennifer A. Kerr, Esq.
Jennifer A. Kerr, Esq.
FL Bar No.: 149624
JENNIFER A. KERR, P.A.
1 SE Ocean Blvd.
Stuart, FL 34994
O: 772-419-7393
E: Jennifer.kerr@jkerrlaw.com
E: tatjana.montoya@jkerrlaw.com
E: eservice@jkerrlaw.com

***Attorneys for RiskBoss Musiq, LLC***