UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-24172-MOORE/ELFENBEIN

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RISKBOSS MUSIQ, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Plaintiff JPMorgan Chase Bank, N.A. ("***Chase***") hereby files this Response in Opposition to the Motion to Dismiss [ECF No. 9] (the "***Motion***") filed by Defendant Riskboss Musiq, LLC ("***Defendant***") and states as follows:

## INTRODUCTION

The Motion should be denied for two reasons. *First*, Chase properly pled jurisdiction, venue, and citizenship. *Second*, Chase satisfied Federal Rule of Civil Procedure 8(a)'s notice pleading requirement, such that Defendant is on notice of Chase's claims. A motion to dismiss is not the proper vehicle to argue the merits of those claims.

## RELEVANT FACTUAL ALLEGATIONS

On October 28, 2024, Chase filed its Original Complaint ("***Complaint***") against Defendant, asserting a single claim for breach of contract. [ECF No. 1]. Specifically, Chase alleged that Defendant breached Chase's Deposit Account Agreement and Privacy Notice (the "***DAA***") by failing to pay the $141,295.84 overdraft and associated fees on its Chase bank account. *Id.* ¶¶ 15–

19. On December 3, 2024, Defendant filed its Motion on the grounds that Chase failed to properly allege subject matter jurisdiction under Rule 12(b)(1); personal jurisdiction under Rule 12(b)(2); venue under Rule 12(b)(3); and failed to state a claim for breach of contract under Rule 12(b)(6). [ECF No. 9]. For the reasons set forth more fully below, Defendant's arguments lack merit, and the Court should deny the Motion.

## ARGUMENTS & AUTHORITIES

### A.   Legal Standard

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *GR OPCO, LLC v. Eleven IP Holdings*, 2024 U.S. Dist. LEXIS 125953, at *8 (S.D. Fla. Jul. 14, 2024) (quoting *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F. 3d 1210, 1221 (11th Cir. 2020)). "A facial attack on the complaint requires the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at *9. "By contrast, a factual attack on a claim challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony." *Am. Registry, LLC v. Castle Connolly Med. Ltd.*, No. 23-80654-CV-MIDDLEBROOKS, 2023 WL 11911132, at *2 (S.D. Fla. Dec. 7, 2023).  Here, Defendant only makes a facial attack on the allegations in the Complaint.

Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Where a defendant asserts the absence of personal jurisdiction, a court must engage in a three-step, burden-shifting analysis. *1 Stop MD, LLC v. Pods USA, LLC*, No. 8:22-CV-602-WFJ-AAS, 2023 WL 23102, at *2 (M.D. Fla. Jan. 3, 2023). *First*, the plaintiff bears the initial burden of alleging sufficient facts in its complaint to establish a prima facie case of jurisdiction.

*Id. Second*, if the complaint alleges sufficient facts, and the defendant submits affidavit evidence supporting its position that personal jurisdiction is lacking, the burden shifts back to the plaintiff to produce affidavits or other competent evidence supporting jurisdiction. *Id. Third*, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020)).

A defendant also may move to dismiss based on improper venue pursuant to Rule 12(b)(3). *See Am. Registry, LLC, v. Castle Connolly Med. Ltd.*, No. 9:23-CV-80654, 2023 WL 11911131, at *2 (S.D. Fla. Aug. 23, 2023). "Venue in civil actions is generally governed by 28 U.S.C. 1391." *Id.* In considering a motion under Rule 12(b)(3), the court must accept the facts in a plaintiff's complaint as true. *Head Kandy LLC v. McNeill*, No. 23-CV-60345-RAR, 2023 WL 7323284, at *3 (S.D. Fla. Nov. 7, 2023) (quoting *Walker v. Hallmark Bank & Trust, Ltd.*, 707 F. Supp. 2d 1322, 1325 (S.D. Fla. 2010)).

Likewise, for a Rule 12(b)(6) motion, "a court must construe the complaint in the light most favorable to the plaintiff and accept as true all of the plaintiff's factual allegations." *Balbin v. Johnson*, No. 21-CV-22712-DMM, 2022 WL 1176960, at *2 (S.D. Fla. Mar. 29, 2022). All reasonable inferences supported by those allegations must also be drawn in plaintiff's favor. *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). "[T]he threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim." *Balbin*, 2022 WL 1176960, at *2. "[T]o warrant dismissal, it must appear to a certainty, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (cleaned up).

**B.**     **Chase Properly Pled Citizenship, Jurisdiction, and Venue.**

**1.     This Court Has Subject Matter Jurisdiction**

For purposes of diversity jurisdiction—the basis for subject matter jurisdiction in this case—"[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." 28 U.S.C. § 1332(1). Chase easily satisfies the citizenship and amount in controversy requirements to allege diversity jurisdiction here.

The citizenship of a limited liability company, such as Defendant, is the same as the citizenship of its members. *Prenatt v. KIMC Invs., Inc*., No. 2:12-cv-14137-KMM, 2012 WL 2312045, at *1 (S.D. Fla. Jun. 18, 2012) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Chase alleged in its Complaint that Defendant is a limited liability company whose sole member, Ryan A. Henry, is a citizen of Florida. [ECF No. 1] at ¶ 2. Chase alleged its own citizenship to be that of Ohio. *Id.* ¶ 1. This dispute is thus a dispute between a citizen of Ohio (Chase) and a citizen of Florida (Defendant), such that the diverse citizenship requirement is met.

Diversity jurisdiction also requires that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Chase alleged that the amount in controversy is at least $141,295.84, [ECF No. 1] at ¶ 10, which obviously is an amount in excess of $75,000. Accordingly, Chase properly pled that this Court has diversity jurisdiction because the two parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits. *See Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins. Corp*., 951 F. Supp. 2d 1292, 1307 (S.D. Fla. Jun. 12, 2013). Defendant's request for dismissal under Rule 12(b)(1) should be denied.

**2.      This Court Has Personal Jurisdiction Over Defendant**

This Court has both general and specific jurisdiction over Defendant. A limited liability company is subject to general personal jurisdiction in the state where it was formed and the state where it maintains its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014); *Colon v. ECO Taxi LLC*, No. 619CV536ORL40LRH, 2020 WL 7401590, at *3 (M.D. Fla. Jan. 13, 2020), *report and recommendation adopted*, 2020 WL 7401593 (M.D. Fla. Jan. 28, 2020). Chase alleged that Defendant was formed in Florida and maintains its principal place of business in Miami, Florida. [ECF No. 1] at ¶ 2.[1] Accordingly, there is general personal jurisdiction over the Defendant in Florida, and Defendant's request for dismissal under Rule 12(b)(2) should be denied on this basis alone. *See, e.g.*, *Centennial Bank v. Why Not I, LLC*, No. 22-CV-22883, 2023 WL 4963284, at *4 (S.D. Fla. Aug. 3, 2023) (holding the Southern District of Florida had personal jurisdiction over the defendant limited liability company because it was formed in Florida and its principal office was located in Miami).

Additionally, this Court has specific personal jurisdiction over Defendant. "[A] Florida court can exercise specific personal jurisdiction [] if the claim asserted against the defendant arises from the defendant's contacts with Florida, and those contacts fall within one of nine statutorily enumerated categories set forth in section 48.193(1)(a)." *Gubarev v. Buzzfeed, Inc*., 253 F. Supp.

---

[1] Chase made these allegations based on the information about the Defendant and its sole member, Ryan Henry, publicly available on www.sunbiz.org, a printout of which is attached hereto as Exhibit A. This printout shows that Defendant is a "Florida Limited Liability Company" with its principal address, mailing address, and registered agent's address all at the same location in Miami. And Mr. Henry is identified as the Defendant's registered agent at that same address. *Id.* This Court can take judicial notice of records from the Florida Division of Corporations when ruling on a motion to dismiss under Rule 12. *See Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006); *Villafana v. Feeding S. Fla., Inc*., No. 13-60760-CIV, 2013 WL 2646729, at *1 n.1 (S.D. Fla. Jun. 12, 2013); *Woody v. Delray Med. Ctr*., No. 9:15-cv-81162-ROSENBERG/BRANNON, 2016 WL 705965, at *2 (S.D. Fla. Feb. 23, 2016).

3d 1149, 1154 (S.D. Fla. 2017) (citing *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1005 (11th Cir. 2015)). Section 48.193 provides that a defendant submits itself to the jurisdiction of Florida courts by, among other things, "having an office [] in [Florida]" and "[b]reaching a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]." Fla. Stat. § 48.193(1)(a). In the Complaint, Chase alleged that (i) Defendant maintains its principal place of business in Miami, Florida, (ii) Defendant's sole member is a citizen of Florida, (iii) Defendant deposited a fraudulent check at a Chase ATM outside of Orlando, Florida, and (iv) Defendant subsequently made several significant withdrawals and transfers at a Chase branch in Florida that resulted in Defendant's account being substantially overdrawn, while refusing to pay the overdrawn amount as required by the DAA. [ECF No. 1] at ¶¶ 2, 5–11. Because Defendant maintains its principal office in Florida and committed the acts constituting a breach of the DAA in Florida, this Court also has specific personal jurisdiction over Defendant. *See* Fla. Stat. § 48.193(1)(a); *Gubarev*, 253 F. Supp. 3d at 1154; *Wareka v. Faces By Francesca, LLC*, No. 20-CV-62466-WILLIAMS/VALLE, 2021 WL 6101375, at *2 (S.D. Fla. Oct. 19, 2021).

Further, because Defendant failed to provide any controverting evidence, and specifically any required affidavit challenging personal jurisdiction, Defendant's personal jurisdiction argument should be disregarded and the Motion under Rule 12(b)(2) denied. *See 1 Stop MD, LLC*, 2023 WL 23102, at *2.

### 3.    Venue is Proper in the Southern District of Florida

As for venue, a defendant entity, whether or not incorporated, is deemed to reside in any judicial district in which it resides or is subject to the court's personal jurisdiction. *See* 28 U.S.C. §§ 1391(b)(1), (b)(2) and (c)(2). Here, as addressed above, the Defendant both resides and is subject to personal jurisdiction in this District, rendering venue proper.

Despite Defendant's suggestion to the contrary, [ECF No. 9] at 3, the residence of a limited liability company's member(s) is irrelevant to such analysis. *See Rothschild Connected Devices Innovations, LLC v. Coca-Cola Co.*, No. 15-24067, 2016 WL 1546427, at *3-4 (S.D. Fla. Apr. 15, 2016) ("The argument concerning [LLC's] citizenship is misplaced here; in making it, Plaintiff plainly conflates venue and jurisdiction…[C]ourts explicitly ignore the citizenship of a limited liability corporation's membership in determining citizenship for venue."). Defendant is a Florida limited liability company with its principal place of business in Miami. [ECF No. 1] at ¶ 2. Consequently, Defendant is deemed to reside in the Southern District of Florida for federal venue purposes. *See* 28 U.S.C. §§ 1391(b)(1), (b)(2) and 1391(c)(2); *Centennial Bank*, 2023 WL 4963284, at *4. Therefore, Defendant's motion to dismiss for improper venue under Rule 12(b)(3) should be denied. *See Head Kandy LLC*, 2023 WL 7323284, at *12.

**C.**   **<u>Chase's Breach of Contract Claim Satisfies the Notice Pleading Requirement.</u>**

As alleged in Chase's Complaint, under the Parties' contract, Defendant agreed to immediately pay the amount of any overdraft, along with any fees that apply, including fees incurred for Chase's efforts to collect any overdraft. Defendant's request for dismissal under Rule 12(b)(6) should be denied because it is based on an interpretation of the contract (and a strained one) that is entirely inappropriate at this stage and because Chase has stated a claim and easily satisfied the Rule 8(a) notice pleading requirement.

"[I]n federal court, a claim for breach of contract must be plead in accordance with the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Zazula v. Kimpton Hotels & Rests.*, No. 10-21381, 2011 WL 13273879, at *2 (S.D. Fla. May 3, 2011) (quoting *Bray v. Billespie Memt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007)). Rule 8(a) "requires a short and plain statement of the claim showing that the pleader is entitled to relief."

*Id.* at *3 (ruling the plaintiff adequately pled the breach of contract claim and placed defendants on notice of same); *Lehman v. Eldridge*, No. 11–23973, 2012 WL 12844560, at *4 (S.D. Fla. Jan. 27, 2012) (explaining that "[u]nder Rule 12(b)(6), the Court considers only whether a party has stated a claim upon which relief may be granted," finding that plaintiff met its burden, and denying the motion to dismiss as to the breach of contract claim).

Additionally, in a diversity-jurisdiction case, a plaintiff "must plead the elements of a breach of contract as established by the applicable state's laws." *Lehman*, 2012 WL 12844560, at *3. The elements for breach of contract in Florida are "(1) a valid contract; (2) a material breach; and (3) damages." *Id.* Chase unquestionably stated a claim for breach of contract against Defendant, as Chase alleged the following facts in the Complaint:

*(1) A valid contract*:

Chase alleged that "Defendant agreed to abide by all terms and conditions of the DAA, which governs Defendant's relationship with Chase." [ECF No. 1] at ¶ 6. Chase also alleged that "[the parties] entered into the DAA, which is a valid and enforceable contract." *Id.* ¶ 16.

*(2) A material breach:*

Chase alleged that Defendant has "overdrawn from its account" certain funds "in violation of [the DAA]." *Id.* at 1. Specifically, Defendant agreed under the DAA to "immediately pay the amount of any overdraft along with any fees that apply," as well as fees incurred for Chase's efforts to collect any overdraft. *Id.* ¶ 6; [ECF No. 1] Ex. A (DAA) at 9 § C (2), entitled "Your responsibility to pay overdrafts." Further reinforcing the point, Chase alleged that "Defendant materially breached the terms of the DAA by failing to pay the amount of the overdraft and associated fees on the Account." *Id.* ¶ 18. "Chase also sent a letter demanding return of the Funds [but] Defendant has not returned any Funds." *Id.* ¶ 11.

*(3) Damages:*

Chase alleged that "Defendant's breaches of the DAA proximately and directly caused damages to Chase." *Id.* ¶ 19. Indeed, Chase specified that "[a]s of the date of filing [the Complaint], Defendant owes Chase $141,295.84." *Id.* ¶ 10.

In addition to its argument that Chase did not plead a claim for breach of contract (which it did, as demonstrated above), Defendant argues that the Court should dismiss Chase's breach of contract claim "because the [DAA] contradicts [Chase's] allegations[.]" [ECF No. 9] at 1. However, "[a] determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a motion to dismiss." *Managed Care Sols., Inc. v. Cnty. Health Sys.*, No. 10-60170, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011); *see also Great Lakes Ins. Se. v. Williams*, No. 1:23-CV-23556, 2024 WL 4711901, at *4 (S.D. Fla. Oct. 7, 2024) ("Contract interpretation is typically inappropriate at the motion to dismiss stage."); *Moran v. Crystal Beach Capital, LLC*, No. 8:10-cv-1037-T-30AEP, 2011 WL 17637, at *4 (M.D. Fla. Jan. 4, 2011) ("The Court may not engage in contract interpretation at the motion to dismiss stage.").

Contrary to Defendant's argument, the contract limits *Chase's* liability, not Defendant's: "our [Chase's] liability, if any, will be limited to the face of the amount of the item." *See* [ECF No. 9] at 8 (quoting DAA). In other words, the Parties agreed in the DAA that *Chase* would not have to pay more than the face value of any forged check, should Chase somehow be liable; Defendant is not similarly absolved. Instead, Defendant received a check, cashed the check, withdrew all the funds from the check, overdrew its account, and refused to repay the overdrawn amount as required by the DAA. That is "contract, breach, and damages," plain and simple. Even if Defendant's arguments asserting it "was the victim of a forgery" are true, which Chase disputes

and which is not alleged in the four corners of the Complaint, it does not follow that the Complaint is insufficiently pled on the breach of contract claim.

In arguing that Chase does not supply enough "support" (*i.e.*, evidence) at this early stage and that the contract should be interpreted differently, Defendant attempts to distract the Court from the question at hand – Did Chase plead a viable claim and put Defendant on notice of its claim for breach of contract by failing to pay the large overdraft on its account? Yes, it did.

As demonstrated by these allegations, Chase stated a claim for breach of contract by alleging Defendant's breach in failing to pay the overdraft amounts as required under the DAA. Chase satisfied the notice pleading require of Rule 8(a) by providing a "short and plain statement" showing that it is entitled to relief and by pleading the breach of contract elements under Florida law. The Court should decline Defendant's improper invitation to interpret the subject contract (wrongly, no less) at this stage. *See SCCY Indus., LLC v. Jannuzzo*, No: 6:17-cv-1495-Orl-31KRS, 2018 WL 3657570, at *4 (M.D. Fla. Aug. 2, 2018) ("The Court has no obligation to consider the terms of the Agreement in ruling on the Motion to Dismiss, and it declines to interpret or analyze the Agreement's terms at this stage."); *Md. Cas. Co. v. Smartcop, Inc*., No. 4:11-cv-10100-KMM, 2012 WL 2675476, at *3 (S.D. Fla. Jul. 6, 2012) ("[T]his Court declines Defendant's invitation to interpret the contract at the motion to dismiss stage."). The Court should deny Defendant's motion to dismiss under Rule 12(b)(6).

**D.    <u>Conclusion</u>**

For the foregoing reasons, Chase respectfully requests the Court deny the Motion in its entirety. In the event the Court is inclined to grant Defendant's Motion in any respect, Chase respectfully requests that it be granted leave to amend the Complaint to address any alleged

deficiencies in its allegations. Chase also requests that the Court grant any other relief, at law or in equity, to which it is justly entitled.

Dated: December 17, 2024

Respectfully submitted,

_/s/ Mark A. Salky_____
Mark A. Salky
Florida Bar No. 58221
**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue
Miami, Florida 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
Email: Mark.Salky@gtlaw.com

***Attorney for Plaintiff JPMorgan Chase Bank, N.A.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 17, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which provides notice to counsel of record.

_/s/Mark A. Salky_
Mark A. Salky