IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-24172-KMM

JPMORGAN CHASE BANK, N.A.

Plaintiff,

v.

RICKBOSS MUSIQ, LLC,

Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Riskboss Musiq, LLC ("Defendant") by and through its undersigned counsel, hereby files its Reply in Support of Motion to Dismiss against Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff"), and respectfully states as follows:

### I. INTRODUCTION

In its Response, Plaintiff admits that "[t]he citizenship of a limited liability company, such as Defendant, is the same as the citizenship of its members." [ECF No. 10 at 4 (citing *Prenatt v. KIMC Invs., Inc.*, No. 2:12-cv-14137-KMM, 2012 WL 2312045, at *1 (S.D. Fla. Jun. 18, 2012) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004))]. Arguing that Defendant being formed in this District and having its principal place of business in this District, Plaintiff cites inapposite case law interpreting jurisdiction and venue in the context of Admiralty Law. [ECF No. 10 at 4-5 (citing *Centennial Bank v. Why Not I, LLC*, No. 22-CV-22883, 2023 WL 4963284, at *4 (S.D. Fla. Aug. 3, 2023) and *Rothschild Connected Devices Innovations, LLC v. Coca-Cola Co.*, No. 15-24067, 2016 WL 1546427, at *3-4 (S.D. Fla.

1

Apr. 15, 2016))]. And most significantly, Plaintiff fails to adequately address that it failed to allege facts for venue in this District under 28 USC § 1391– namely, that the Defendant resides in this District and that the acts or omissions giving rise to the cause of action occurred in this District [ECF No. 1 at ¶ 5]. Instead, Plaintiff improperly asks this Court to consider matters outside of the four corners of the Complaint to retroactively amend the Complaint, in violation of the Rules [ECF Nos. 10 and 11]. Finally, Plaintiff fails to address the pleading deficiencies with the breach of contract claim under Rule 12(b)(6). For the reasons set forth in the Motion to Dismiss and as discussed more fully below, the Court should dismiss this case.

## II. THE VENUE AND JURISDICTION DEFICIENCIES WARRANT DISMISSAL

As Plaintiff concedes in its Response, "for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof. *Id.* The Eleventh Circuit has held that *"[[t]o sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the limited liability company.*" *Id.* at 1022 (finding that Plaintiff failed to list citizenships of all members and therefore failed to carry its burden of establishing citizenship).

Here, Plaintiff concedes that it failed to do this. Plaintiff alleges personal jurisdiction and venue based on the principal place of business of Defendant, an LLC, and not based on the residence of the Defendant's member. However. Plaintiff's Response, which focuses on contact with the State of Florida, fails to acknowledge that, critically, "[i]n a multi-district state like Florida, the personal jurisdiction analysis is limited to contacts specifically in the Southern District of Florida as though this district were a separate state, rather than the State of Florida at

large." *Robey v. JP Morgan Chase Bank, NA*, 343 F. Supp. 3d 1304 (citing 28 U.S.C. § 1391(d) (internal citations omitted). *See also Amerisure Ins. Co. v. Auchter Co.*, No. 1:15cv235-MW/GRJ, 2016 WL 9506024, at *2 (N.D. Fla. Apr. 4, 2016). The Complaint is bereft of any allegation regarding Defendant's member being a citizen of the Southern District of Florida and accordingly, Plaintiff has failed to allege personal jurisdiction.

Because of this clear deficiency in the pleadings, Plaintiff pivots in its Response to argue personal jurisdiction exists because "the claim asserted against the [D]efendant arises from the defendant's contacts with Florida, and those contacts fall within one of nine statutorily enumerated categories set forth in section 48.193(1)(a)." [ECF No. 10 at 5 (citing *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1154 (S.D. Fla. 2017) (emphasis added). Plaintiff again fails to acknowledge that the Complaint does not allege conduct in the Southern District of Florida. For example, Plaintiff cites in the Response that the allegations that (i) Defendant maintains its principal place of business in Miami, Florida, (ii) Defendant's sole member is a citizen of Florida (without allegation that the member is a citizen of the Southern District of Florida), (iii) Defendant deposited a fraudulent check at a Chase ATM outside of Orlando, Florida (which is in the Middle District of Florida), and (iv) Defendant subsequently made several significant withdrawals and transfers at a Chase branch in Florida (not specifying the Southern District of Florida) that resulted in Defendant's account being substantially overdrawn, while refusing to pay the overdrawn amount as required by the DAA. [ECF No. 10 at 6].

Thus, the only conduct Defendant points to that is alleged in the complaint is the maintenance of a principal place of business in the Southern District of Florida. As Plaintiff concedes in the Response, Defendant is alleged to have deposited a fraudulent check in Orlando – which is in the Middle District of Florida. The Complaint is bereft of any allegation that the

remaining allegations Defendants cite occurred in the Southern District of Florida. There is no allegation that withdrawals or transfers were made at a bank in the Southern District of Florida. Nor is there any allegation that the account at issue was opened in the Southern District of Florida or the alleged breach of contract occurred in Florida.

Plaintiff's reliance on Fla. Stat. § 48.193(1)(a); *Gubarev*, 253 F. Supp. 3d at 1154, and *Wareka v. Faces By Francesca, LLC*, No. 20- CV-62466, 2021 WL 6101375, at *2 (S.D. Fla. Oct. 19, 2021) is unavailing. Section 48.193(1)(a) is the State's long-arm statute pursuant to which Courts use a two-part test to decide if there is personal jurisdiction over a nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). "First, we consider the jurisdictional question under the state long-arm statute." *Id.* "If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Id.*

> The first prong focuses on Florida's long-arm statute:
>
> A person...who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself...to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Fla. Stat. § 48.193(1)(a).

"In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general

4

course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam). "Factors relevant, but not dispositive, to this analysis include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

Here, the Complaint alleges conduct in only place – Orlando, which is not in this District. The Complaint fails to allege that the Defendant served clients in this District, gained its revenue in this District, cashed the check at issue in this District, opened the bank account at issue in this District, or made any transfers or withdrawals in this District.

Moving on to the second prong, Plaintiff fails to identify sufficient contacts in the Southern District such that exercising personal jurisdiction would not offend the Due Process Clause or any notions. The following test guides this analysis:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). If plaintiff makes the first two showings, "defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* Here, Plaintiff fails to meet the second prong. The only allegation in the Complaint that is specific to any District and relates to the cause of action is that a check was cashed in the Middle District of Florida. Plaintiff attempts to defend personal jurisdiction by citing *Gubarev*,253 F. Supp. 3d 1149 and *Wareka*, 2021

WL 6101375 at *2 [ECF No. 10 at 6]. However, these cases reiterate that personal jurisdiction lies if the claim asserted against the Defendant arises from the Defendant's contacts with the Southern District, and those contacts fall within one of the nine categories enumerated in section 48.193(1)(a). *Id.* As set forth above, Plaintiff ignores the requirements in a multi-district State that it must plead contacts with respect to the specific District, and <u>none</u> of the conduct giving rise to the claim in the Complaint is alleged to have occurred in the Southern District – making Plaintiff's claim of personal jurisdiction over Defendant fatal.

As for venue, the Complaint alleges venue based on 28 U.S.C. §§ 1391(b)(1) and (b)(2). As set forth in the Motion to Dismiss, the Complaint fails to allege facts satisfying venue under these statutes. Accordingly, in the Response, <u>Plaintiff attempts to argue that venue is appropriate under § 1391(c)(2), which is not alleged in the Complaint</u>. The Court should not consider a venue argument under § 1391(c)(2), which Plaintiff has raised for the first time in its Response brief and utterly failed to plead in the Complaint. As to §§ 1391(b)(1) and (b)(2), Plaintiff claims only that venue is appropriate in this District because the Court has personal jurisdiction over Defendant and Defendant allegedly resides in this District without proof alleged. As set forth above, the Complaint fails to allege personal jurisdiction over the Defendant and the Complaint is bereft of any allegation that the conduct giving rise to the dispute occurred in this District or that the Defendant's member resided in this District. Plaintiff's reliance on Head Kandy LLC v. McNeill, No. 23-CV-60345-RAR, 2023 WL 7323284, at *12 (S.D. Fla. Nov. 7, 2023), is misplaced. In *Head Kandy*, the Court found venue because the Complaint alleged damage to property in the contested jurisdiction. By contrast, the Complaint in the instant case alleges that the conduct occurred in the Middle District of Florida or fails to specify where the conduct giving rise to the claim occurred.

In a similar vein, Plaintiff's Response ignores the Defendant's argument that the DAA at issue in the Complaint includes a jurisdiction and venue provision whereby the Defendant consented to jurisdiction and venue in the state where the Defendant's account is located [ECF No. 9 at 4]. The Complaint is bereft of any allegation as to where the Defendant's account is located and therefore the Complaint fails to adequately allege jurisdiction and venue over Defendant in this District.

For the reasons set forth in the Motion to Dismiss, the Court must dismiss the Complaint for lack of personal jurisdiction and venue. When a case presents difficult questions of personal jurisdiction, federal courts may opt to transfer the case to an appropriate forum without definitively resolving the jurisdictional question. *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1341 (S.D. Fla. 2021) ("[W]here one court lacks personal jurisdiction over the defendant—or where the case presents difficult questions of personal jurisdiction—courts sometimes transfer under §1404 rather than dismiss.")  However, the Complaint lacks specific allegations required for the Court to make a determination about transferring venue. There are no allegations about where the alleged breach occurred, where the account was located, where the alleged transfers and withdrawals occurred, or any other detail sufficient to assess venue.  Accordingly, transfer is not an available option and the Court must dismiss the Complaint.

### III.  **THE COMPLAINT FAILS TO STATE A CLAIM**

In its Response, Plaintiff acknowledges that the breach of contract at issue is "Defendant's breach in failing to pay the overdraft amounts." [ECF No. 10 at 10]. However, Plaintiff ignores the fact that the facts alleged in the Complaint do not violate the "overdraft" provision of the contract at issue. Instead, Plaintiff chooses to label what occurred as an "overdraft" with no basis for doing so. The Complaint alleges that the Defendant deposited a check, Plaintiff approved the check and

made the funds available to Defendant, Defendant withdrew and/or transferred the funds Plaintiff made available, and then later Plaintiff reversed the check deposit, causing Defendant's account to reflect a negative balance because of that reversal. [ECF No. 1 at ¶¶ 6-10]. Plaintiff now seeks from <u>Defendant</u> the amount of the third-party check that Plaintiff made available in Defendant's account. There is no provision in the contract that contemplates this situation, other than the provisions that state the <u>Plaintiff</u> shall be responsible for up to the value of a check that ends up being fraudulent or forged as alleged in this case. There is nothing in the contract extending liability for the check to the Defendant – and Plaintiff can point to none.

As the Complaint allegations state, the Defendant suffered a negative account balance because the Plaintiff reversed a third-party check that Plaintiff had previously approved and cleared. Plaintiff is attempting to squeeze this scenario into the "overdraft" provision of the contract, but it does not fit and certainly does not fit a breach of contract claim. As the Plaintiff's Response confirms, there is no provision in the contract where the Defendant agreed to be responsible for a check the Plaintiff approved/cleared and later chose to reverse. Absent such a provision in the contract, there can be no breach of contract for Defendant's failure to pay that amount.

## IV. <u>CONCLUSION</u>

As set forth in the Motion to Dismiss, the Court should dismiss the Complaint for lack of jurisdiction and venue and for failure to state a claim for breach of contract.

Dated: <u>December 3, 2024</u>

Respectfully submitted,

/s/ Jennifer A. Kerr, Esq.
Jennifer A. Kerr, Esq.
FL Bar No.: 149624
JENNIFER A. KERR, P.A.
1 SE Ocean Blvd.
Stuart, FL 34994
O: 772-419-7393
E: Jennifer.kerr@jkerrlaw.com
E: tatjana.montoya@jkerrlaw.com
E: eservice@jkerrlaw.com
*Attorneys for RiskBoss Musiq, LLC*